Antonio Di Scuillo  
    vs.     }Eq. No. 8179  
Louis J. Cella et al  
RESCRIPT  
January 29, 1927

TANNER, P. J. This is o bill in equity brought to enforce specific performance of a written memorandum of a real estate broker leasing the premises to the complainant for a term of five years.

The complainant testifies that the defendant Cella orally agreed with him that he could have a lease for five years. This is emphatically denied by the defendant Cella and the complainant admits that within two or three days he asked him for a written lease and it was refused. The burden is upon the complainant to prove this and we can not say that he has done so by a fair preponderance of the evidence. Upon this issue we must therefore find for the defendant.

It would also be necessary to the validity of such a parole contract that it should be in part performance

We can not find a part performance where the complainant himself admits that he moved into the building and established a residence after he had been expressly told that he could not have a written lease.

The complainant attempts to rely upon an apparent authority in the broker who gave him a written agreement for a five years' lease.

An agent merely to sell goods may have an apparent authority to sell them to any extent but an examination of the authorities indicates that a real estate broker has no such apparent authority.

19 Cyc. 295; Lindley vs. Kein, 55 N. J. Eq. 418. Shauinger vs. Apler, 125 Atl. 31; Milne vs. Kleb, 44 N. J. Eq. 378; Coleman vs. Virigin, 18 Barber 60.

These cases hold that a real estate agent has no apparent authority to sell or lease real estate and give written memorandums thereof. He may have an actual authority to do this but not an apparent authority. The apparent authority of a real estate agent seems to be merely to bring the people together and arrange a satisfactory contract.

The bill must therefore be dismissed.

For complainant: McGovern and Slattery.

For respondent: James E. Dooley and Louis N. Dunn.